UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAMALUDDIN NIKPAY, <br> # 216 286 243, <br><br> Petitioner, <br><br> v. <br><br> KEVIN MCALEENAN, Acting Secretary, Department of Homeland Security; and Ray Castro, Warden, South Texas Detention Complex, <br><br> Respondents. | § § § § § § § § § § § § § § | SA-19-CV-01186-XR |

## DISMISSAL ORDER

Before the Court are Petitioner Kamaluddin Nikpay's ("Nikpay") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and Respondents' motion to dismiss. (ECF Nos. 1, 9). After review of the entire file, the Court orders Respondents' motion to dismiss **GRANTED** and Nikpay's section 2241 petition **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Nikpay, a native and citizen of Afghanistan, is a Sergeant Major in the Afghan Air Force. (ECF No. 8). In March 2018, Nikpay was admitted to the United States as an "A-2 non-immigrant" to attend the Defense Language Institute ("DLI") at Lackland Air Force Base in San Antonio, Texas. According to investigative records, Nikpay approached another Afghan military DLI student and asked that student to join Nikpay in going Absent Without Leave ("AWOL") and absconding to Canada. (*Id.*). The student reported Nikpay. (*Id.*). When confronted, Nikpay stated he refused to return to Afghanistan and if forced to return, he would

"[r]un away or bring the aircraft down." (*Id.*). Nikpay made this statement in the presence of several witnesses, including two DLI staff members who were United States citizens. (*Id.*).

As a result of the proposed AWOL and subsequent threats, Nikpay "was disinvited and disenrolled from DLI by the USAF." (*Id.*). Thereafter, the State Department revoked Nikpay's A—2 Non-Immigrant Visa. (*Id.*). Nikpay was arrested and questioned. (*Id.*). During questioning, he denied the allegations against him. (ECF No. 1, 8). He declined an offer to contact the Embassy of Afghanistan, stating he did not want to return to Afghanistan but "claimed no fear of return to Afghanistan." (ECF No. 8). He threatened to "jump out of the plane and kill himself" if forced to return to his home country. (*Id.*). Nikpay was detained by Immigration and Customs Enforcement ("ICE") pending removal proceedings. (*Id.*).

The Department of Homeland Security ("DHS") issued Nikpay a Notice to Appear, alleging he was removable as an alien who, after admission as a non–immigrant, failed to maintain or comply with the conditions of the non-immigrant status under which he was admitted, i.e., Nikpay was admitted to the United States to attend DLI, but was subsequently "disinvited and disenrolled from DLI by the USAF." *See* 8 U.S.C. § 1227(a)(1)(C)(i); (ECF Nos. 1, 8). Nikpay filed Applications for Asylum and Withholding of Removal and an Application for Protection under the Convention Against Torture ("CAT"). (ECF No. 1). A hearing was held before an Immigration Judge ("IJ"). (*Id.*).

After hearing testimony and considering documentary evidence, the IJ issued a written decision, denying all relief and ordering Nikpay removed to Afghanistan. (*Id.*). Nikpay timely appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal. (*Id.*). The BIA agreed with the IJ that Nikpay was ineligible for either asylum or withholding of removal

and affirmed the IJ's determination that Nikpay failed to meet his burden under the CAT. (*Id.*). The BIA's decision rendered the removal order final.

ANALYSIS

After the BIA's decision, Nikpay filed a section 2241 Petition in this Court, challenging the allegations against him and asking this Court "not to enforce my deportation" and overturn "the decision of immigration judge" based on the same reasons set out in his applications. (*Id.*). Respondents filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing this Court lacks jurisdiction to review Nikpay's attack on the underlying removal order. *See* FED. R. CIV. P. 12(b)(1). Alternatively, Respondents move to dismiss pursuant to Rule 12(b)(6), asserting that even if this Court exercises jurisdiction Nikpay has failed to state a claim under *Zadvydas*, i.e., he has failed to provide "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas v. Davis*, 553 U.S. 678, 701 (2001); FED. R. CIV. P. 12(b)(6). Because Respondents' jurisdictional argument is dispositive, the Court need not address the *Zadvydas* contention. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (holding that when Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, court should consider Rule 12(b)(1) jurisdictional attack before addressing attack on merits to prevent court without jurisdiction from prematurely dismissing case with prejudice).

*Applicable Law*

Respondents filed a Rule 12(b)(1) motion, which allows them to challenge this Court's jurisdiction to hear this matter. *Id.*; *see also* Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise jurisdiction as expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

3

(1994). Under Rule 12(b)(1), a claim can be dismissed for lack of subject-matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the claim. *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018); *Higgins v. Tex. Dep't of Health Servs.*, 801 F.Supp.2d. 541, 547 (W.D. Tex. 2011).

In May 2005, Congress passed the REAL ID Act ("the Act"), which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Bansci v. Nielsen*, 321 F.Supp.3d 729, 735 (W.D. Tex. 2018) (quoting *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005)). The Act drastically altered the way in which aliens are permitted to seek judicial review of administrative removal orders. *Jean v. Gonzales*, 452 F.3d 392, 396 (5th Cir. 2006).

Under the Act, "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12], except as provided in subsection (e) [of section 1252]."[1] 8 U.S.C.A. § 1252(a)(5). Thus, the Act strips the federal district courts of jurisdiction to review general removal orders by petition for writ of habeas corpus, leaving review of such orders to the courts of appeal. *Benitez–Garay v. Dep't of Homeland Sec.*, No. SA-18-CA-422-XR, 2019 WL 542035, at *3 (W.D. Feb. 8, 2019).

---

[1] Limited habeas jurisdiction remains only under section 1252(e) with respect to expedited removal orders issued under section 1225(b)(1). Judicial review of expedited removal orders in the district court is limited to determinations of whether (A) the petitioner is an alien, (B) the petitioner was ordered removed under such section, and (C) the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title[.] 8 U.S.C. § 1252(e)(2).

*Application*

To determine the nature of Nikpay's claim, the Court must review the petition and ascertain the relief sought. *Id.* at *4. On the first page of the petition, which is the form used in section 2241 writs of habeas corpus, Nikpay states he is challenging the allegations levelled against him. (ECF No. 1). He states his evidence was not fully examined, failing to reflect the imminent danger he will be subject to if removed. (*Id.*). Nowhere in the Petition does Nikpay expressly state he is challenging the removal order; however, in his request for relief, he specifically states he seeks to "over turn to the the decision of immigration judge for the following reasons in my personal statement [sic]." (*Id.*). His personal statement contains the reasons given to the IJ in an effort to avoid removal. (*Id.*). Thus, the Court finds Nikpay is challenging the removal order by petition for writ of habeas corpus pursuant to section 2241 of Title 28. Based on the Act, this Court is without jurisdiction to review such a challenge, thereby mandating dismissal. *See* 8 U.S.C.A. § 1252(a)(5); *Benitez–Garay*, 2019 WL 542035, at *3.

## CONCLUSION

Nikpay asks this Court to review his removal order, arguing a fair review of the evidence would establish it is sufficient to support his Applications for Asylum and Withholding of Removal and Application for Protection under the Convention Against Torture ("CAT"). (ECF No. 1). However, Congress has determined that jurisdiction to review challenges to general removal orders are solely within the purview of the courts of appeal. Thus, the Act deprives this Court of jurisdiction to review Nikpay's challenge to the IJ's order of removal.

**IT IS THEREFORE ORDERED** Respondents' Motion to Dismiss is **GRANTED** pursuant to FED. R. CIV. P. 12(b)(1).

**IT IS FURTHER ORDERED** that Petitioner Kamaluddin Nikpay's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**.

SIGNED this 3rd day of February, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE